UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANTHONY M. GONZALES, ) | |
| ) | |
|         Petitioner, ) | |
|   vs. ) | No. 1:06-cv-956-SEB-VSS |
| ) | |
| WARDEN MARK BEZY, ) | |
| ) | |
|         Respondent. ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

      Petitioner Gonzales has withdrawn his claim that the trial court improperly failed to reduce his offense level calculation by two levels for acceptance of responsibility. This leaves for resolution the remaining claim that he is entitled to additional jail credit toward service of the sentence he is now serving at the United States Penitentiary at Terre Haute, Indiana. The expanded record shows the following with respect to this remaining claim:

      1.    Gonzales is serving a federal term of imprisonment of 60 months imposed by the United States District Court for the Western District of Louisiana. This conviction was entered on the trial court's docket on July 27, 2004. The *Judgment* imposing sentence does not specify that the sentence was to be served concurrent with any other sentence, including the Florida state sentence discussed in this Entry.

      2.    Gonzales was taken into custody for the offense for which he is now incarcerated on January 20, 2005. Prior to that time, he had been arrested by state authorities in Florida on June 6, 2004. He was subsequently convicted and sentenced on the Florida charges associated with his June 6, 2004 arrest. He continued to receive credit toward service of the Florida sentence, even though in federal custody, through June 3, 2005, when the Florida sentence expired. As part of the federal sentence he is now serving, Gonzales was given credit against his federal sentence for the period of June 4, 2005, (the day after his Florida sentence expired) until July 27, 2005, a total of fifty-four days.

      3.    Gonzales seeks credit for the 177-day period he was in federal custody between January 20, 2005, and June 3, 2005. As noted above, however, he received credit for that same period toward service of the Florida sentence associated with his arrest on June 6, 2004.

4. Federal law prohibits the award of "doubt credit." *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000); see also *Chambers v. Holland,* 920 F.Supp. 618, 623 (M.D.Pa.) ("Section 3585 [of Title 18 of the United States Code] does not permit credit on a federal sentence for time served and credited against another sentence."), *aff'd,* 100 F.3d 946 (3d Cir. 1996) (table); *United States v. Labeille-Soto,* 163 F.3d 93, 99 (2d Cir. 1998) (same); *United States v. Kramer,* 12 F.3d 130, 132 (8th Cir. 1993) (holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"; court explained that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period"); *United States v. Dennis,* 926 F.2d 768, 769 (8th Cir. 1991) (same). Because of this, Gonzales is not entitled to the additional 177 days credit he seeks toward the sentence he is now serving. His petition for a writ of habeas corpus must therefore be **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 09/15/2006

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana